Treetop at Stratton Condo. Ass'n v. Treetop Dev. Co., No. 147-3-09 Wmcv (Wesley, J., Feb. 4, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**
**SUPERIOR COURT**

| | |
|---|---|
| **TREETOP AT STRATTON CONDOMINIUM ASSN.,Inc.**<br> **Plaintiff**<br><br> **v.**<br>**Treetop Development Co.,LLC; Intrawest Stratton Development Corp.; DEW Construction Corp.; and Bruno Assoc. Inc.**<br> **Defendants**<br><br>**Treetop Development Co.,LLC; Intrawest Stratton Development Corp.**<br> **Third Party Plaintiffs**<br><br> **v.**<br> **DEW Construction Corp.**<br> **Third Party Defendant**<br><br>**DEW Construction Corp.**<br> **Fourth Party Plaintiff**<br> **v.**<br>**Cameron Bros. Inc. &**<br>**Cassella Construction, Inc.**<br> **Fourth Party Defendants** | **WINDHAM UNIT, CIVIL DIVISION**<br>**Docket No. 147-3-09 Wmcv** |

## ORDER RE: PENDING DISCOVERY MOTIONS

Pending in this action claiming damages arising from alleged faulty construction of the Treetop Condominiums on Stratton Mountain are multiple motions involving various discovery issues still in dispute. This order will address Plaintiff's Motion to Compel Deposition Testimony of Peter Brabazon, Developer Defendants' Motion to Compel Document Production and Testimony from Plaintiff, Developer Defendants' Motion to Compel Interrogatory Answer (Attorney's Fees) from Plaintiff, Defendants' Joint Motion to Amend Discovery Schedule, and Defendant DEW's Motion to Enforce Compliance. In general, the Court finds that the parties have continued the pattern of excessive litigation over discovery which had been deplored in the Court's Opinion & Order re Discovery issued on Nov. 12, 2010, apparently to little effect.

### Motion to Compel Deposition Testimony of Peter Brabazon

This motion, and the one discussed next, present mirror-image objections by the major opposing parties, each of whom claim that Mr. Brabazon is engaged in a confidential relationship that merits protection from discovery by other parties. Thus, the ways in which the arguments ricochet against their proponents could be considered ironic – or perhaps the apotheosis of the

advocates' art - depending on one's point of view. In any event, the Court's response ought to have been predictable.

Plaintiff Homeowners Association ("the Association") is seeking an order to compel certain testimony from witness Peter Brabazon over the objection of ISDC's counsel at Brabazon's deposition. Brabazon was asked to disclose communications he had with ISDC employees concerning the affairs of the Association after the lawsuit was commenced. Plaintiff contends that this line of questioning would not solicit confidential communications as it sought communications between ISDC employees and Brabazon made while Brabazon was in his capacity as both a Stratton employee and a management agent of the Association. Any communications were, therefore, made pursuant to Brabazon's role as the Association's property manager under the Association's Management Agreement, and would not be confidential or privileged.

Developer Defendants ISDC and TDC, and non-party Stratton Corp., filed an opposition memorandum on November 16, 2010. Defendants argue that as an employee of Stratton Corp., the parent company of ISDC, Brabazon's communications with ISDC employees were in fact privileged since Stratton, ISDC, and TDC, communicated and developed attorney work product in pursuit of joint legal interests arising from this lawsuit. Accordingly, since ISDC and Stratton shared common legal interests, as well as common legal counsel, any on-going communications between Brabazon and ISDC employees must be afforded protection under a joint legal interest theory of the attorney-client privilege. Defendants allege that the line of questioning advanced by Plaintiff could potentially reveal confidential attorney work product arising from legal strategy pursued by Stratton and ISDC.

In general, discovery must be complied with where the information sought may lead to admissible evidence. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 352 (1978). Parties may obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." V.R.C.P. 26(b)(1). The pronounced policy of the caselaw favors disclosure. See *Douglas v. Windham Superior Court*, 157 Vt. 34, 45 (1991).

Acknowledging the competing claims made by each party with respect to Brabazon's role as either employee or agent, the Court finds it unnecessary to delineate the exact scope of those claims. Rather, Brabazon was sufficiently involved on behalf of multiple parties whose interests eventually became conflicted so as to render implausible anyone's claim for privilege. Thus, the Court concludes that no privilege exists here with respect to communications between Brabazon made in his capacity as an Association agent and ISDC employees. Though it is doubtful that given his competing loyalties, either party can claim attorney-client privilege with respect to discussions with Brabazon, the questions that were objected to by defense counsel did not solicit communications with counsel or representatives of counsel. The even more nebulous claim that such communications are protected as work-product is simply unsustainable. In light of these unique circumstances, and the authorities favoring broad discovery, the Court will not permit Defendants to withhold disclosure from Plaintiff at this stage of the litigation where the applicability of the attorney-client privilege is tenuous at best. Plaintiff's Motion to Compel is **GRANTED.**

<u>Developer Defendants' Motion to Compel Document Production and Testimony from Plaintiff</u>

By their reciprocal Motion to Compel Documents and Testimony, Developer Defendants ISDC, TDC, and TT3 request production by Plaintiff of all communications between Plaintiff's counsel and Brabazon previously objected to by Plaintiff on the basis of attorney-client privilege. Developers further move the Court to order Plaintiff to cease instructing Brabazon to not answer questions at deposition concerning communication between Brabazon and Plaintiff's counsel. Developers argue that Plaintiff's counsel knew Brabazon was an employee of Stratton Corp., an entity which is a known client of defense counsel. As such, Developers assert that Plaintiff could not have reasonably concluded that its communications with Brabazon were in any way privileged knowing that Brabazon was an employee of a potentially adverse entity represented by the same law firm representing named Defendants in this suit.

In its Opposition Memorandum filed on December 23, 2010, Plaintiff alleges that Brabazon communicated with Plaintiff's counsel for the very purpose of rendering legal services on behalf of the Association, notwithstanding what Stratton's contractual obligations were, and thus, any communications must be afforded protection pursuant to V.R.E. 502(b).

As with its prior ruling, the Court is not compelled to recognize a privilege within the convoluted context of Brabazon's competing loyalties. A representative of a client is any person who while acting in the scope of employment for the client, makes or receives confidential communication necessary to effectuate legal representation. V.R.E. 502(a)(2)(B). Yet, as discussed above, Brabazon's competing obligations to the multiple interests represented by this litigation permit no neat fit with the template of the rule. Accordingly, having found that no attorney-client privilege exists between Plaintiff's counsel and Brabazon,[1] the Court will order Plaintiff to produce any documents it has withheld of communications between Brabazon and Plaintiff's counsel, and further hold that attempts to restrict Brabazon from answering questions concerning communications he has had with Plaintiff's counsel are without legal basis. The motion to compel is **GRANTED**.

<u>Motion to Compel Interrogatory Answer (Attorney's Fees) from Plaintiff</u>

On December 2, 2010, Defendants ISDC and TDC filed a Motion to Compel Interrogatory Answers from Plaintiff stemming from Plaintiff's counsel's refusal to disclose accumulated attorney's fees. Defendants allege that, despite seeking attorney's fees as a component of damages alleged by Plaintiff in its initial complaint, and despite earlier disclosures of to-date calculations of its attorney's fees in response to previous interrogatories, Plaintiff now refuses to answer interrogatories asking for these fees. Defendants maintain that the relief requested plainly makes the discovery request pertinent, and further avers that they seek not to scrutinize the calculations in order to challenge their reasonableness, but rather to evaluate the full extent of their exposure to possible damages under Plaintiff's claims. Defendants further note that this information may facilitate a universal settlement, and is plainly within the scope of relevant and non-privileged material otherwise discoverable under V.R.C.P. 26.

---

[1] Having ruled on this dispute on other grounds, the Court need not address Defendants' alternate theory that Plaintiff has waived any privilege through prior disclosures.

Plaintiff's Opposition, filed on December 20, 2010, argues that Vermont courts have historically considered recovery of attorney's fees in post-trial proceedings, and that until such time as Plaintiff prevails, its attorney's fees are neither relevant nor reasonably likely to lead to discovery of evidence. Plaintiff does not elucidate why the post-judgment nature of an attorney's fee award insulates evidence of the scope of a potential award from discovery, nor present any authority to support such a claim. Defendants' proffer that it seeks to know the exposure represented by the claim for attorney's fees suffices to dispel any concern as to overbreadth or harassment, based on the Court's assessment of the circumstances presented here. The motion to compel is **GRANTED.**

Amend Discovery Schedule

Defendants filed a Joint Motion to Amend the Discovery Schedule on Nov. 29, 2010. According to the motion, joined by all Defendants, the proposed schedule represents a fair attempt by the parties to address their further need to investigate and present their cases, and expeditiously move toward a conclusion. Plaintiff filed a response on Dec. 14, 2010 urging the Court to deny the motion because it was not preceded by meaningful discussion to resolve the issues addressed. Nevertheless, Plaintiff expressed optimism that the parties would eventually arrive at an agreement on any provisions at issue without the assistance of the Court. The Court has been advised of no further progress toward a stipulated extended scheduling order, despite the requirements for good faith accommodation under V.R.C.P 16.3 and 26(h). Recognizing that many of the proposed deadlines have expired while the motions addressed by this order have been under advisement, and that this order resolves certain aspects of the case, the Court GRANTS the motion to amend the discovery schedule, and directs the parties to diligently attempt to present no later than Feb. 15, 2011 a stipulated revised schedule taking into consideration this order as well as the state of discovery since the previous order issued Nov. 12, 2010, or in the alternative, separate proposals specifying the basis for any disagreement.[2]

Motion to Enforce Compliance

Defendant DEW filed a Motion to Enforce Compliance on December 1, 2010, in which it claims that Plaintiff has failed to completely respond to interrogatories. Plaintiff filed a memorandum in response on December 12, 2010 arguing that DEW's motion failed to provide a verbatim listing of the items of discovery sought, and did not specify the reasons why the items should be allowed or disallowed, pursuant to V.R.C.P. 26(h). Plaintiff also demanded that the Court award attorney's fees and costs Plaintiff has incurred in attempting to respond to a motion which Plaintiff asserts is clearly in violation of V.R.C.P. 26(h).

DEW filed a reply on January 5, 2010 in which it exhaustively detailed each of the 16 interrogatories responses that are allegedly deficient, why they are deficient, and what types of responses DEW believes would cure the defects. Shortly thereafter, Plaintiff filed a motion to

---

[2] On Dec. 29, 2010, Defendant Bruno filed a sur-reply to Plaintiff's response to the joint motion raising issues as to Plaintiff's expert disclosures and the potential affect on a revised scheduling order. In light of its order granting Defendant Bruno's motion for summary judgment, the Court declines to address Bruno's Dec. 29 objection, treating it as having become moot.

4

strike DEW's reply memorandum because it raised issues for the first time in an improper format, or in the alternative for leave from the Court to file a sur-reply in order to meaningfully respond to the reply motion. DEW filed an opposition to the motion to strike on January 13, 2010, where it did not oppose Plaintiff's request to file a sur-reply, but maintained that Plaintiff was well aware of the matters at issue in this discovery dispute, since the same disputes have been exhaustively briefed months ago. Plaintiff filed a sur-reply on January 28, 2011, responding in detail to DEW's reply memorandum.

The Court declines to make any substantive analysis of DEW's motion, concluding that it was filed without having been properly framed as required by V.R.C.P. 26(h). Nevertheless, the requests were neither entirely groundless, nor the violations of Rule 26(h) so pronounced, so as to warrant Plaintiff's request for attorneys fees. Rather, the Court strenuously urges the parties to desist with respect to claims of inadequate responses to written discovery, which was closed by the Court's Nov. 12 order, excepting each party's obligation to supplement in the event new information requires disclosure to meet existing requests.

**WHEREFORE**, it is hereby **ORDERED:**
Plaintiff's Motion to Compel Deposition Testimony of P. Brabazon is **GRANTED.**
Developer Defendants' Motion to Compel Document Production & Testimony is **GRANTED**.
Developer Defendants' Motion to Compel Interrogatory Answer (Attorney's Fees) is **GRANTED.**
Joint Defendants Motion to Amend Discovery Schedule is **GRANTED**, subject to requirement of presenting proposed extensions by Feb. 15, 2011
DEW's Motion to Enforce Compliance is **DENIED**.

Dated at Newfane this 4th day of February, 2011.

_____
John P. Wesley
Superior Court Judge